# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MATTHEW LYDICK,**
**Claimant Below, Petitioner**

**FILED**
**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-476**          (JCN: 2019023086)

**ACNR RESOURCES, INC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Matthew Lydick appeals the September 28, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc. ("ACNR") timely filed a response.[1] Mr. Lydick did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied authorization for a referral to a multidisciplinary treatment team.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 3, 2019, Mr. Lydick sustained an occupational injury to his left foot when it was crushed by the hydraulics of a bucket scoop. By order dated May 13, 2019, the claim administrator held the claim compensable for a crushing injury of the left foot. Mr. Lydick came under the care of Clark Milton, D.O., and Ross Tennant, FNP, for this compensable injury. Mr. Lydick continued to complain of extreme sensitivity and pain in the left foot.

Mr. Lydick was examined by Danny Fijalkowski, DPM, on June 25, 2019. Dr. Fijalkowski diagnosed a crushing injury of the left foot and neuritis of the left foot and recommended an ultrasound. On July 13, 2019, Mr. Lydick underwent his first of three independent medical evaluations ("IME") performed by Prasadarao Mukkamala, M.D. Dr.

---

[1] Mr. Lydick is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq. ACNR is represented by Aimee M. Stern, Esq.

Mukkamala opined that Mr. Lydick had not yet reached maximum medical improvement ("MMI") and recommended a bone scan to rule out complex regional pain syndrome.[2]

On August 30, 2019, Mr. Lydick was examined by Michael Bowman, M.D., at the Pittsburgh Foot and Hand Center. Mr. Lydick complained of hypersensitivity and sores on the dorsum of the left foot. Dr. Bowman diagnosed a crush injury to the left foot and hypersensitivity of the superficial and deep peroneal nerve, and he recommended desensitization therapy.

Mr. Lydick returned to Dr. Mukkamala on December 17, 2019, with continued complaints of increased sensitivity over the dorsum of the left foot. Dr. Mukkamala found that Mr. Lydick showed an extreme amount of pain magnification but determined that he had not yet reached MMI and recommended a medication for neuropathic pain. Dr. Mukkamala performed his third and final IME of Mr. Lydick on June 11, 2020. Dr. Mukkamala noted that Mr. Lydick would not permit him to touch his left foot but was able to determine that motor examination and range of motion were normal. Dr. Mukkamala noted that sensory examination revealed increased sensitivity over the dorsum of the left foot in a non-anatomical distribution. Dr. Mukkamala diagnosed a history of crush injury to the left foot and noted that Mr. Lydick had a significant degree of symptom magnification and symptoms that were not supported by any objective pathology. Dr. Mukkamala placed Mr. Lydick at MMI and opined that he needed no further treatment.

By order dated July 23, 2020, the claim administrator closed Mr. Lydick's claim for temporary total disability ("TTD") benefits based upon Dr. Mukkamala's report. Mr. Lydick protested this order. Mr. Lydick continued to complain of extreme sensitivity in his left foot and continued to seek additional treatment. On January 15, 2021, Mr. Lydick's counsel requested authorization for a one-time appointment with Dr. Bowman, citing his continued problems with his left foot. The claim administrator denied Mr. Lydick's request on January 21, 2021, noting that Dr. Mukkamala had already placed him at MMI and opined that no further treatment was necessary.

The Office of Judges ("OOJ") affirmed the claim administrator's July 23, 2020, order closing the claim for TTD benefits on February 4, 2021. The OOJ subsequently affirmed the claim administrator's order denying authorization for an appointment with Dr. Bowman on May 14, 2021. Mr. Lydick protested both orders to the Board.

The Board affirmed the OOJ's order regarding TTD closure on June 16, 2021, and the West Virginia Supreme Court of Appeals of West Virginia ("SCAWV") affirmed the Board's order. *Lydick v. Murray American Energy, Inc.*, No. 21-0565, 2023 WL 2783186

---

[2] Although not completely clear, it does not appear from the record that Mr. Lydick met the criteria for complex regional pain syndrome, nor was it ever added as a compensable condition in the claim.

2

(W. Va. Apr. 5, 2023) (memorandum decision). The SCAWV found that Mr. Lydick's condition had plateaued and that he failed to introduce sufficient evidence to refute Dr. Mukkamala's finding of MMI. *Id.* at *4.

The Board also affirmed the OOJ's order regarding a referral to Dr. Bowman on September 20, 2021, and the SCAWV affirmed that order as well. *See Lydick v. Murray American Energy, Inc.*, No. 21-0863, 2023 WL 1962013 (W. Va. Feb. 10, 2023) (memorandum decision). The SCAWV found that the Board had properly denied Mr. Lydick's request to see Dr. Bowman because Dr. Mukkamala had placed him at MMI and because he had already treated with Dr. Bowman three times since the date of injury and each time his treatment recommendation had remained the same.

On November 7, 2022, Mr. Lydick returned to Dr. Milton's office and complained of continued discomfort in his left foot. Dr. Milton noted that Mr. Lydick had undergone a L4-S1 posterior lumbar interbody fusion in 2021 and an anterior cervical diskectomy with fusion at C5-C5 in 2022. Dr. Milton noted that, as such, Mr. Lydick was in a complex situation. Dr. Milton's differential diagnosis included "residual lumbar radicular complaints versus metabolic issues versus a chronic regional pain syndrome." As such, Dr. Milton recommended that Mr. Lydick see a multidisciplinary treatment team.

Thereafter, on March 27, 2023, Mr. Lydick, through counsel, sought authorization for a referral to a multidisciplinary treatment team and attached Dr. Milton's November 7, 2022, clinical notes. By order dated April 11, 2023, the claim administrator denied Mr. Lydick's request for authorization for a referral to a multidisciplinary treatment team. The claim administrator noted that Dr. Mukkamala had found Mr. Lydick to be at MMI and opined that no further treatment was medically related and reasonably required for the compensable injury. The claim administrator also noted that the SCAWV had affirmed its denial of a consult with Dr. Bowman. Lastly, the claim administrator found that Dr. Milton listed non-compensable conditions as the source of the continuing symptoms. Mr. Lydick protested the order.

By order dated September 28, 2023, the Board affirmed the claim administrator's order denying authorization for a referral to a multidisciplinary treatment team. After discussing Mr. Lydick's injury and Dr. Milton's November 7, 2022, clinical notes, the Board concluded that the evidence did not establish that a referral to a multidisciplinary treatment team was necessary. The Board noted that Mr. Lydick had treated with Dr. Bowman for the same conditions that were reported by Dr. Milton and, further, that the SCAWV had affirmed the denial of another consult with Dr. Bowman. Mr. Lydick now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Lydick argues that the Board erred in affirming the claim administrator's order denying his request for a referral to a multidisciplinary treatment team. According to Mr. Lydick, the causal connection between his compensable crush injury and the hypersensitivity and ecchymosis of his left foot is clear and, as such, the referral should have been authorized.[3] Dr. Milton stated that he was unable to provide further care and opined that additional specialties are required to treat Mr. Lydick's ongoing symptoms. Mr. Lydick argues that the Board erroneously relied on Dr. Mukkamala's report, including his opinion that Mr. Lydick was magnifying his symptoms. Mr. Lydick points out that several physicians examined his foot, including Dr. Fijalkowski, Dr. Bowman, and Dr. Guberman, all of whom he claims kept him off work due to his ongoing hypersensitivity. Mr. Lydick states that their cumulative opinions demonstrate that he has not reached MMI, that his symptoms remain ongoing, and that further treatment is necessary. Mr. Lydick lastly complains of the Board's order, arguing its reasoning was

---

[3] In support of his argument, Mr. Lydick cites to *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022), which holds that "[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards." *Moore* at 294, 879 S.E.2d at 781, syl. pt. 5. However, we find *Moore* inapplicable to the case at bar. The issue before the Board was not one of compensability, nor is there evidence that Mr. Lydick had preexisting conditions that would have implicated an analysis under *Moore*. This was simply a matter of whether the request for the referral was medically necessary for and reasonably related to the compensable injury.

abrupt, unsupported, and illogical. He concludes that Dr. Milton, his treating physician, has differentially diagnosed residual lumbar radicular complaints versus metabolic issues or chronic regional pain syndrome, the last of which is directly attributable to his compensable injury. As such, he avers that Dr. Milton's request for a referral to a multidisciplinary treatment team should have been authorized.[4]

Upon review, we conclude the Board did not err in affirming the claim administrator's order denying authorization for a referral to a multidisciplinary treatment team. West Virginia Code § 23-4-3(a)(1) (2005) provides that the claim administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies.

At the outset, we dispense with any argument that Mr. Lydick has not yet reached MMI for the compensable injury. The SCAWV affirmed the claim administrator's order closing the claim for TTD and, in so doing, the Court found that Mr. Lydick's condition had plateaued and that he failed to introduce sufficient evidence to refute Dr. Mukkamala's finding of MMI. Accordingly, pursuant to the law of the case doctrine as provided in *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 214 W. Va. 802, 808, 591 S.E.2d 728, 734 (2003), Mr. Lydick cannot now argue that he has not yet reached MMI or that reliance upon Dr. Mukkamala's opinion in this regard was erroneous.

Not only was Mr. Lydick placed at MMI, but Dr. Mukkamala also opined that no further treatment is necessary. Contrary to Mr. Lydick's argument, the Board was not wrong in referencing the memorandum decisions from the SCAWV regarding Mr. Lydick's case, which establish that (1) Mr. Lydick has reached MMI and (2) that a referral to Dr. Bowman was not necessary as he had already been treated by Dr. Bowman three times and no new recommendations had been made. The Board, in reviewing these memorandum decisions, concluded that a referral to a multidisciplinary treatment team was likewise not necessary. It reasoned that Mr. Lydick was at MMI and that Dr. Milton's listed diagnoses were already considered by none other than Dr. Bowman.

---

[4] Mr. Lydick briefly mentions that the matter should have been resolved in his favor pursuant to West Virginia Code § 23-4-1g(a) (2003) which provides, in part, that "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted." However, the Board never found that there was an equal amount of evidentiary weight in this matter and, as such, Mr. Lydick is not entitled to the matter being resolved in his favor pursuant to West Virginia Code § 23-4-1g(a).

We cannot conclude that the Board was clearly wrong in its decision. Mr. Lydick has reached MMI and requires no further treatment for his compensable injury. Moreover, the differential diagnoses listed by Dr. Milton as the basis of his request for a referral to a multidisciplinary treatment team are not compensable conditions. While Mr. Lydick contends that chronic regional pain syndrome is directly attributable to his compensable injury, this diagnosis has never been accepted in the claim. Accordingly, the referral is not medically related or reasonably required to treat the compensable injury.

Based on the foregoing, we affirm the Board's September 28, 2023, order.

Affirmed.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear